**CSD 1001A** [07/01/18]

Name, Address, Telephone No. & I.D. No.

Leslie T. Gladstone, Esq. (SBN 144615)

Christin A. Batt, Esq. (SBN 222584)

FINANCIAL LAW GROUP

5656 La Jolla Blvd., La Jolla, CA 92037

Telephone (858) 454-9887; Facsimile (858) 454-9596

Attorneys for Leslie T. Gladstone, Chapter 7 Trustee

Order Entered on
February 2, 2022
by Clerk U.S. Bankruptcy Court
Southern District of California

## UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

| In Re | |
|---|---|
| STEVEN DEUPREE, | BANKRUPTCY NO. 17-05607-CL7; Adv. Nos. 19-90101-CL; Adv. No. 19-90102- CL; and Adv. No. 19-90103-CL |
| | Date of Hearing: N/A |
| | Time of Hearing: N/A |
| Debtor. | Name of Judge: Christopher B. Latham |

## ORDER ON

**TRUSTEE'S NOTICE OF INTENDED ACTION RE: APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE WITH ROBERT DEUPREE, LAKE INVESTMENTS & HOLDINGS, LLC, STEVEN DEUPREE, ROBYN DEUPREE, AND TODD DOUGLAS HALL, SOLELY IN HIS CAPACITY AS TRUSTEE OF WTBMW 2007 CHARITABLE REMAINDER UNITRUST U/T/D DECEMBER 21, 2007, AND AS PROTECTOR OF ADAMANTIUM HOLDINGS TRUST U/T/D JULY 21, 2008, AND CAPSTONE PROPERTIES 1 INC., SUNFOOD CORP. (FORMERLY SUNFOOD LLC), NORTH AMERICAN EQUITY PARTNERS, LLC, AND TEEPLE HALL, LLP**

The court orders as set forth on the continuation pages attached and numbered ___2___ through ___45___ with

exhibits, if any, for a total of ___45___ pages. Motion/Application Docket Entry No. ___233___.

//

//

//

//

//

//

//

DATED:   February 1, 2022

Judge, United States Bankruptcy Court

CSD 1001A

**CSD 1001A** [07/01/18]**(Page 2)**

ORDER ON  TRUSTEE'S NOTICE OF INTENDED ACTION RE: APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE        jrm
DEBTOR: STEVEN DEUPREE,                                              CASE NO: 17-05607-CL7

---

On or about January 7, 2022, Leslie T. Gladstone (the "Trustee") filed and served her Notice of Intended Action and Opportunity for Hearing seeking approval of Settlement Agreement and Release with Robert DeuPree, Lake Investments & Holdings, LLC, Steven DeuPree, Robyn DeuPree, and Todd Douglas Hall, solely in his capacity as Trustee of WTBMW 2007 Charitable Remainder Unitrust U/T/D December 21, 2007, and as Protector of Adamantium Holdings Trust U/T/D July 21, 2008, and Capstone Properties 1, Inc., Sunfood Corp. (formerly Sunfood LLC), North American Equity Partners, LLC, and Teeple Hall, LLP (the "Settlement").  It appearing that no opposition was filed; and the Court finding that the proposed Settlement is fair, reasonable and adequate, that notice was proper, for the reasons stated in the record and that good cause exists to authorize the Trustee to enter into the Settlement described in the Notice of Intended Action.

IT IS HEREBY ORDERED AS FOLLOWS:

1.  The Trustee is authorized to enter into the Settlement as described in the Notice of Intended Action attached hereto as Exhibit "1."

IT IS SO ORDERED.

CSD 1001A

# EXHIBIT "1"

# EXHIBIT "1"

CSD 2062 [12/1/2021]
Court Telephone: (619) 557-5620
www.casb.uscourts.gov
Leslie T. Gladstone, Esq.  (SBN 144615)
Christin A. Batt, Esq.  (SBN 222584)
FINANCIAL LAW GROUP
5656 La Jolla Blvd., La Jolla, CA 92037
Telephone (858) 454-9887; Facsimile (858) 454-9596
Attorneys for Leslie T. Gladstone, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In re

STEVEN DEUPREE,

                                             Debtor(s).

BANKRUPTCY NO.  17-05607-CL7

Adv. No. 19-90101-CL; Adv. No. 19-90102-CL; and Adv. No. 19-90103-CL

### TRUSTEE'S NOTICE OF INTENDED ACTION AND OPPORTUNITY FOR HEARING

**TO THE DEBTOR, ALL CREDITORS AND OTHER PARTIES IN INTEREST:**

       **You are hereby notified** that the undersigned Trustee proposes to:

☐    Compromise or settle the following controversy [description of controversy to be settled and financial impact on estate as required by Local Bankruptcy Rule 9019]; or

☐    Allowance of compensation or reimbursement of expenses by trustee in the amounts indicated below [information required by Federal Rule of Bankruptcy Procedure 2002(c)(2)]; or

☒    **Other:  The Trustee seeks approval of Settlement Agreement and Release with Robert DeuPree, Lake Investments & Holdings, LLC, Steven DeuPree, Robyn DeuPree, and Todd Douglas Hall, solely in his capacity as Trustee of WTBMW 2007 Charitable Remainder Unitrust U/T/D December 21, 2007, and as Protector of Adamantium Holdings Trust U/T/D July 21, 2008, and Capstone Properties 1, Inc., Sunfood Corp. (formerly Sunfood LLC), North American Equity Partners, LLC, and Teeple Hall, LLP (the "Settlement").  See Exhibit A attached hereto and herein incorporated by reference for terms of the Settlement.**

       **Wherefore, the Trustee requests that this Court approve the Settlement.**

IF YOU OBJECT TO THE PROPOSED ACTION:

1.    **YOU ARE REQUIRED** to obtain a hearing date and time from the appropriate Courtroom Deputy for the judge assigned to this bankruptcy case.  Determine which deputy to call by looking at the Bankruptcy Case No. in the caption on Page 1 of this notice.  If the case number is followed by the letter:

        -   MM - call (619) 557-7407 - DEPARTMENT ONE (Room 218)
        -   LA - call (619) 557-6594 - DEPARTMENT TWO (Room 118)
        -   LT - call (619) 557-6018 - DEPARTMENT THREE (Room 129)
        -   CL - call (619) 557-6019 - DEPARTMENT FIVE (Room 318)

Signed by Judge Christopher B. Latham February 1, 2022

2.  **Within twenty-one (14)**[1] **days from the date of this notice**, you are further required to serve a copy of your **Declaration in Opposition** and separate Request and **Notice of Hearing** [Local Form CSD 1184[2]] upon the undersigned Trustee, together with any opposing papers.  A copy of these documents must also be served upon the United States Trustee at 880 Front Street, Ste. 3230, San Diego, CA 92101.  The opposing declaration must be signed and verified in the manner prescribed by FRBP 9011, and the declaration must:

      a.     identify the interest of the opposing party; and

      b.     state, with particularity, the factual and legal grounds for the opposition.

3.  **You must** file the original and one copy of the Declaration and Request and Notice of Hearing with proof of service with the Clerk of the U.S. Bankruptcy Court at 325 West "F" Street, San Diego, California 92101-6991, no later than the next business day following the date of service.

      **If you fail to serve your "Declaration in Opposition to Intended Action" and "Request and Notice of Hearing"** within the 14-day[1] period provided by this notice, **no hearing will take place**, you will lose your opportunity for hearing, and the Trustee may proceed to take the intended action.

Dated: January 7, 2022

/s/   Leslie T. Gladstone
Leslie T. Gladstone, Chapter 7 Trustee
Address: 5656 La Jolla Blvd.,
La Jolla, CA 92037
Phone No. (858) 454-9887

---

[1]Depending on how you were served, you may have additional time for response.  See FRBP 9006.

[2]You may obtain Local Form CSD 1184 from the office of the Clerk of the U.S. Bankruptcy Court.

CSD 2062

# EXHIBIT "A"

# EXHIBIT "A"

In re STEEN DEUPREE
Case No. 17-05607-CL7

# EXHIBIT A
# NOTICE OF INTENDED ACTION

LESLIE T. GLADSTONE, the chapter 7 trustee (the "**Trustee**") in the case of Steven DeuPree, seeks an order approving a compromise with ROBERT DEUPREE, LAKE INVESTMENTS & HOLDINGS, LLC, STEVEN DEUPREE, ROBYN DEUPREE, and TODD DOUGLAS HALL, solely in his capacity as Trustee of WTBMW 2007 Charitable Remainder Unitrust U/T/D December 21, 2007, and as Protector of Adamantium Holdings Trust U/T/D July 21, 2008 (collectively, the "**Settling Defendants**"), and CAPSTONE PROPERTIES 1, INC., SUNFOOD CORP. (formerly Sunfood LLC), NORTH AMERICAN EQUITY PARTNERS, LLC, and TEEPLE HALL, LLP (collectively, the "**Settling Creditors**").  The Trustee, the Settling Defendants, and the Settling Creditors are referred to collectively as the "**Parties**" and individually as a "**Party**."

## BACKGROUND

A.      On or about September 15, 2017, Steven DeuPree ("**Debtor**") filed a voluntary petition under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in United States Bankruptcy Court for the Southern District of California (the "**Bankruptcy Court**") entitled *In re Steven DeuPree*, Case No. 17-05607-CL7 (the "**Bankruptcy Case**").  On or about the same date, the Trustee was appointed chapter 7 trustee of the bankruptcy estate (the "**Estate**") in the Bankruptcy Case.

B.      In accordance with the terms of the WTBMW 2007 Charitable Remainder Unitrust U/T/D December 21, 2007 (the "**CRUT**"), Todd Douglas Hall, solely in his capacity as trustee of the CRUT, pays a net income makeup charitable remainder unitrust annuity stream (the "**Annuity Stream**") from the CRUT.

C.      On or about July 17, 2008, Debtor obtained all right, title, and interest in the Annuity Stream and immediately thereafter transferred such right, title, and interest in the Annuity Stream to Advanced Equity Holdings, LP.  The Trustee alleges that Debtor's transfer of the rights to the Annuity Stream is an avoidable transfer and all such rights belong to the Estate.  See Adversary Proceeding A described below.

D.      On or about September 13, 2019, the Trustee commenced an adversary proceeding against Todd Douglas Hall, solely in his capacity as Trustee of WTBMW 2007 Charitable Remainder Unitrust U/T/D December 21, 2007, and as Protector of Adamantium Holdings Trust U/T/D July 21, 2008, and Steven DeuPree, Adversary Proceeding No. 19-90102-CL ("**Adversary Proceeding A**").  The Trustee's complaint alleged causes of action for declaratory relief, turnover of property of estate, avoidance and recovery of fraudulent transfers specifically regarding the Annuity Stream, and disallowance of claim.  The Trustee's complaint also named the following defendants:  Nevis International Trust Company, Ltd, as Trustee of Adamantium Holdings Trust

U/T/D July 21, 2008, AEH Management, LLC, Advanced Equity Holdings, LP, and Eucalyptus Investments, LLC (collectively, the "**Nonsettling Defendants**"). The Nonsettling Defendants failed to respond to the complaint in Adversary Proceeding A, and defaults were entered against them. Notwithstanding such defaults, the Trustee acknowledges and agrees that the settlement described herein covers all Nonsettling Defendants. Defendants Todd Douglas Hall and Steven DeuPree responded to the complaint and dispute the claims in Adversary Proceeding A.

In Adversary Proceeding A, the Trustee alleges in short that in 2007-2008, Defendants Todd Hall and Debtor set up an elaborate asset protection scheme that involved Debtor's transfer of approximately $13 million to a charitable remainder trust (CRUT) and an entity to purchase a $3.2 million home for Debtor. The asset protection scheme involved an annuity stream to be paid pursuant to a complex formula for a period of 20 years, at the end of which time the entire remaining assets of the CRUT are to distributed to charity. Pursuant to the terms of the CRUT, that annuity stream ends in about 2027. At the time the CRUT was established, Debtor received, in exchange for the $13 million transfer, all rights to the annuity stream and the sole membership interest in the entity that purchased the $3.2 million house. But shortly thereafter, Debtor transferred those interests to other newly formed entities as part of the scheme. The complaint alleges, among other things, that these transfers were made to hinder, delay, or defraud Debtor's creditors in Debtor's new litigation-prone real estate business while Debtor maintained full control of, and benefited from, the assets transferred.

E.    On or about September 13, 2019, the Trustee commenced an adversary proceeding against Lake Investments & Holdings, LLC and Robert DeuPree, Adversary Proceeding No. 19-90101-CL ("**Adversary Proceeding B**"). Defendant Robert DeuPree is Debtor's brother. The Trustee's complaint alleged causes of action for avoidance and recovery of fraudulent transfers and/or insider preferences in the total amount of $155,000, and disallowance of claim. Defendants Lake Investments & Holdings, LLC and Robert DeuPree dispute the claims in Adversary Proceeding B.

F.    On or about September 13, 2019, the Trustee commenced an adversary proceeding against Robyn DeuPree, Adversary Proceeding No. 09-90103-CL ("**Adversary Proceeding C**"). Defendant Robyn DeuPree is Debtor's wife. The Trustee's complaint alleged causes of action for avoidance and recovery of fraudulent transfers and/or insider preferences, and disallowance of claim. In short, the complaint alleges that, notwithstanding a prenuptial agreement, within four years before the bankruptcy filing and while Debtor was insolvent, Debtor and defendant commingled their asserted separate property and used Debtor's earnings to pay for improvements to defendant's asserted separate property. Defendant Robyn DeuPree disputes the claims in Adversary Proceeding C.

G.    The Trustee and certain other Parties contend that the Estate may have claims against Teeple Hall LLP that may be assigned to such other Parties. Teeple Hall LLP disputes the existence and assignability of such claims.

H.       On or about September 27, 2019, creditor Teeple Hall LLP filed a Proof of Claim in the Bankruptcy Case in the total amount of $384,754.45 ("**Claim No. 6**").  The Trustee disputes Claim No. 6.

I.       On or about September 30, 2019, creditor Capstone Properties 1, Inc. ("**Capstone**") filed a Proof of Claim in the Bankruptcy case in the total amount of $9,827,049.81, as amended on October 2, 2019 ("**Claim No. 7**").  The Trustee disputes Claim No. 7.

J.       Capstone is a wholly owned asset of the CRUT, and the CRUT is controlled by its trustee Todd Douglas Hall.  The president of Capstone is Robert DeuPree.

K.       On or about September 30, 2019, creditor Sunfood, LLC filed a Proof of Claim in the Bankruptcy case in the total amount of $374,549.27 ("**Claim No. 8**").  The Trustee disputes Claim No. 8.

L.       On or about September 30, 2019, creditor North American Equity Partners, LLC filed a Proof of Claim in the Bankruptcy case in the total amount of $100,608.07 ("**Claim No. 9**"). The Trustee disputes Claim No. 9.

The Trustee and the Settling Defendants met several times with mediator Dennis Wickham from October to December 2020, but were unsuccessful in resolving their disputes until now.

The Parties have reached a resolution of their respective claims that fully and finally resolve the disputes between them with respect to all matters in and related to the Bankruptcy Case.

### SUMMARY OF MATERIAL TERMS OF SETTLEMENT

Pursuant to the terms of the Settlement Agreement and Release, which has been executed by the parties (the "**Settlement Agreement**"), but remains subject to Court approval (the "**Settlement**"),[1] Settling Defendants have agreed to pay the total amount of $372,000.00 (the "**Settlement Amount**") to the Trustee as settlement of the claims asserted in Adversary Proceeding A, Adversary Proceeding B, and Adversary Proceeding C.  The Settlement Amount is due and payable in full not later than January 31, 2022.

To protect the Estate from a default in timely payment of the Settlement Amount, the Trustee has obtained the following additional obligations from Settling Defendants and their affiliates:

(a)       Stipulated Judgment in the total amount of $400,000.00 plus interest and costs of collection executed by Steven DeuPree, Robert DeuPree, Capstone, Lake

---

[1]       Nothing herein shall be deemed to modify, alter, or otherwise affect the provisions of the Settlement Agreement.  To the extent anything herein is inconsistent with the terms of the Settlement Agreement, the terms of the Settlement Agreement shall control.

Investments and Holdings, LLC, and Todd Douglas Hall, solely in his capacity as Trustee and Protector of the above named trusts;[2] and

(b)     Secured Guaranty of the Settlement Amount up to the amount of the Stipulated Judgment executed by Capstone.  The Secured Guaranty is secured by Deeds of Trust in favor of the Trustee encumbering Capstone's ownership interest in two real properties located at 4720 Panorama Drive, San Diego, CA 92116 (the "**Panorama Property**") and 1512 Dunn Avenue, Los Angeles, CA  90063 (the "**Dunn Property**").

Pursuant to the Secured Guaranty, the proceeds of the sale of either or both of the Panorama Property and the Dunn Property shall be paid to the Trustee from escrow up to the amount of the Settlement Payment or, if an uncured default exists, up to the amount of the Stipulated Judgment, less any amounts previously received by the Trustee from the Settling Defendants under the Settlement Agreement, regardless of whether any default of the settlement payment exists.  For the sake of clarity, if either or both of the Panorama Property and/or the Dunn Property is sold before the Settlement Payment is due, the entire net proceeds from sale of such property shall be paid directly to the Trustee from escrow, pursuant to the respective Deed of Trust, up to the full amount of the Settlement Payment, or the full amount of the Stipulated Judgment, less any amounts previously delivered to the Trustee under this Agreement.

In addition to the Settlement Payment, the Settling Creditors have agreed to waive in full their respective unsecured Claim Nos. 6, 7, 8, and 9.  These waived claims total $10,686,961. Waiver of these claims is a substantial benefit to the Estate and the unsecured creditors that are not affiliated with Debtor.

The Settlement includes the following releases, which will remain effective regardless of a default in payment of the settlement amount:

(a)     The Trustee releases Settling Defendants; and

(b)     The Settling Defendants and the Settling Creditors release the Trustee and the Estate.

The Trustee is specifically not releasing claims, if any, against the Settling Creditors and instead agrees to assign certain claims, if any, to Steven DeuPree and/or Capstone Properties 1, Inc.  The assignees are solely responsible for the preparation, content, and efficacy of the assignment documents.

The Trustee agrees to dismiss Adversary Proceeding A, Adversary Proceeding B, and Adversary Proceeding C with prejudice against the respective Settling Defendants and the

---

[2]   The only Settling Defendant not executing the Stipulated Judgment is Robyn DeuPree, Debtor's wife.  Given the additional security interests provided by the Guaranty and the financial resources of the remaining Settling Defendants, the Trustee agreed to except Robyn DeuPree from the Stipulated Judgment.

Signed by Judge Christopher B. Latham February 1, 2022

Nonsettling Defendants within five business days after the Trustee receives the settlement payment in full.

The Settlement Agreement is a good faith resolution of disputed claims and shall not be construed as an admission of liability by any of the Settling Defendants or any of the Settling Creditors.

## DISCUSSION

Federal Rule of Bankruptcy Procedure 9019 provides that the Court may, upon a noticed motion by the Trustee, approve a compromise or settlement.[3]  If the proposed compromise is "fair" and "equitable," it should be approved.  *See Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988).  In determining the fairness, reasonableness, and adequacy of a proposed settlement agreement, the Bankruptcy Court must consider:  "(a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expenses, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *Kane v. Martin (In re A&C Props.)*, 784 F.2d 1377, 1381 (9th Cir. 1986).  "It is not necessary to satisfy each of these factors provided that the factors as a whole favor approving the settlement." *In re Pacific Gas and Elec. Co.*, 304 B.R. 395, 417 (N.D. Cal. 2004).

The Court should grant deference to the Trustee's decision as long as there is a legitimate business justification. *Hill v. Burdick (In re Moorhead Corp.)*, 208 B.R. 87, 89 (B.A.P. 1st Cir. 1997).  The compromise or settlement should be approved where it does not fall "below the lowest point in the zone of reasonableness." *Newman v. Stein*, 464 F.2d 689, 698 (2d Cir. 1972).

The Settlement Amount was determined by allocating the $372,000 to be paid to the Estate as follows:  $147,000 as the projected amount of the CRUT Annuity Stream to be paid until the CRUT terminates by its terms in about 2017, $155,000 as the amount owed in full to resolve the Trustee's claims in Adversary B, and $70,000 to compensate the estate for the assignment of claims and/or release of potential claims held by the Estate.

The *A&C Properties* factors with respect to each Adversary Proceeding are addressed below.

Adversary Proceeding A against the CRUT trustee, et al.  The Trustee's claims and the defendants' asserted defenses are very complex and vigorously disputed.  This adversary proceeding is the largest and most complex of the three adversary proceedings.  An enormous amount of investigation, analysis, and negotiation has gone into the resolution of these disputes, particularly analysis of complicated tax issues regarding charitable remainder trusts.  The Parties worked for months with mediator Dennis Wickham but were unable to resolve the dispute.  Nevertheless, the Parties continued negotiating and analyzing various settlement alternatives and

---

[3]    Pursuant to Local Bankruptcy Rule 2002-2(a)(4), the Trustee may request Court approval of a compromise or settlement of controversy by Notice of Intended Action.

Signed by Judge Christopher B. Latham February 1, 2022

eventually reached this global resolution. The Trustee is confident that the probability of her success in this adversary proceeding is more likely than not but the costs to achieve that success would be overwhelming. Most importantly, Defendants provided credible evidence that collection on a judgment would be very difficult because Defendants' assets were nearly all fully encumbered. Defendants provided credible evidence that the $13 million invested in the asset protection scheme was not well managed. The real estate business funded by this investment was repeatedly sued and eventually filed its own chapter 7 bankruptcy case: Family Mortgage Options, LLC, a California limited liability company, dba Family Foreclosure Rescue ("**FMO**"), Case No. 17-04302-CL7 filed on July 18, 2017. The best source of payment of any future judgment is the Annuity Stream that could be collected until about 2017. Defendants asserted that any action by the Trustee to obtain the current value of the Annuity Stream would result in adverse tax consequences that consume the entire value of the Annuity Stream. The Trustee, on the other hand, asserted that she could sell the annuity stream to a third-party without incurring adverse tax consequences. In the end, Settling Defendants—including defendants in the other adversary proceedings—agreed to pay the Trustee the approximate current value of the remaining Annuity Stream ($147,000). It must be noted, too, that payment of the Annuity Stream is not guaranteed and is subject to a number of factors pertaining to the litigation-prone real estate venture carried on by FMO's affiliates.

The Trustee obtained security interests in the only two unencumbered assets that would be available for collection on a judgment. This litigation is very complex, involving the disputed ability of the Trustee to interfere with the workings of a charitable remainder trust. Absent this settlement, the Parties would need to conduct expensive discovery, especially with respect to experts, regarding the asset protection scheme instituted in 2007-2008, the tax consequences of liquidating the charitable remainder trust six years early, and/or selling that Annuity Stream to a third party. The interests of creditors are discussed separately below.

Adversary Proceeding B against Lake Investments & Holdings, LLC and Robert DeuPree. The Trustee's probability of success in this adversary proceeding is very high. As a result, the total global settlement amount ($372,000) was calculated by assuming that the Trustee would prevail in Adversary Proceeding B and collect the entire $155,000 at issue.

Adversary Proceeding C against Robyn DeuPree. In this adversary proceeding, the Trustee contends that, notwithstanding Debtor and Defendant's prenuptial agreement, Debtor's earnings were used to pay for improvements to Defendant's separate property assets. The Trustee's claims and Defendant's asserted defenses require a complicated tracing of Debtor's and Defendant's asserted separate property, alleged community property, and alleged commingled funds. The Trustee is informed that the probability of her success is more likely than not but that collecting a judgment against Robyn DeuPree would be problematic. The litigation is somewhat complex in that it involves analysis of disputed community property and separate property issues and a detailed tracing of the couple's assets from acquisition to disbursement. Moreover, in order to achieve the global resolution described herein, dismissal of Adversary Proceeding C against Robyn DeuPree is a condition. In the Trustee's judgment, the Estate gains substantially more from the global settlement than could be achieved by prosecuting Adversary Proceedings A and B independently.

<u>Paramount interests of creditors</u>.  This Settlement is a global resolution of all outstanding claims and issues in this bankruptcy case.  The bankruptcy case has been pending for more than four years and the three Adversary Proceedings for more than two years.  Adversary Proceeding B is the only action in which success for the Trustee was highly likely and the entire $155,000 as issue will be paid to the Estate.  The remainder of the settlement amount coming into the estate is based on the amount of the Annuity Stream that may reasonably be expected to be paid by the CRUT during the 5-6 years remaining in the charitable remainder trust.

Moreover, the Settlement entirely waives the highly disputed unsecured claims filed by entities alleged to be affiliates of Debtor:  Teeple Hall, LLP (Claim No. 6 for $384,754), Capstone Properties 1, Inc. (Claim No. 7 for $9,827,050), Sunfood Corp. (Claim No. 8 for $374,549), and North American Equity Partners, LLC (Claim No. 9 for $100,608).

The Settlement brings into the Estate at least $372,000 and reduces the amount of unsecured claims by more than $10.6 million to a total of $771,642 without any further litigation or claim objections.  In light of (i) the potential defenses to the Trustee's claims in Adversary Proceeding A and Adversary Proceeding C, (ii) the ultimate costs of litigating the Trustee's claims as well as the Trustee's objections to claims filed in Claim Nos. 6, 7, 8, and 9, and (iii) the defendants' financial condition and the limited unencumbered assets from which to pay judgments, the Trustee believes that the Settlement is in the best interest of the estate.  The Trustee has determined that, absent this Settlement, the ultimate costs of litigating the adversary proceedings and claim objections to judgments and then collection will not result in a better outcome for creditors.  The Trustee believes that this settlement is in the best interests of the estate and should be approved by the Court.

## STATUS OF THE CASE

The general unsecured claims in this case total $11,593,664.  With this settlement, the total general unsecured claims are reduced to $771,642.  The administrative fees incurred in this very complex and contentious case are substantial, but the Trustee is working very hard to see that a meaningful distribution be made to the remaining general unsecured creditor, hopefully in the range of 10%-15%.  It is, however, too early to determine that amount at present, because the settlement amount has not yet been received; it is therefore unknown whether additional attorney's fees may be incurred to enforce the stipulated judgment in the event of a default in payment of the Settlement Amount.  The case is therefore not ready to be closed and the Trustee's professionals have not yet submitted applications for compensation.  This preliminary analysis is further subject to change as priority creditors may yet file claims.

In short, this settlement will bring in at least $372,000 to the estate to be distributed to creditors in accordance with the priorities set forth in the Bankruptcy Code.

Signed by Judge Christopher B. Latham February 1, 2022

# EXHIBIT "1"

# EXHIBIT "1"

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "**Agreement**") is entered into as of the last dated signature hereto, by and between LESLIE T. GLADSTONE (the "**Trustee**"), solely in her capacity as chapter 7 trustee of the bankruptcy estate of Steven DeuPree, on the one hand, and ROBERT DEUPREE, LAKE INVESTMENTS & HOLDINGS, LLC, STEVEN DEUPREE, ROBYN DEUPREE, and TODD DOUGLAS HALL, solely in his capacity as Trustee of WTBMW 2007 Charitable Remainder Unitrust U/T/D December 21, 2007, and as Protector of Adamantium Holdings Trust U/T/D July 21, 2008 (collectively, the "**Settling Defendants**"), and CAPSTONE PROPERTIES 1, INC., SUNFOOD CORP. (formerly Sunfood LLC), NORTH AMERICAN EQUITY PARTNERS, LLC, and TEEPLE HALL, LLP (collectively, the "**Settling Creditors**"), on the other hand.  The Trustee, the Settling Defendants, and the Settling Creditors are referred to collectively as the "**Parties**" and individually as a "**Party**."

## RECITALS

A.      On or about September 15, 2017, Steven DeuPree ("**Debtor**") filed a voluntary petition under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in United States Bankruptcy Court for the Southern District of California (the "**Bankruptcy Court**") entitled *In re Steven DeuPree*, Case No. 17-05607-CL7 (the "**Bankruptcy Case**").  On or about the same date, the Trustee was appointed chapter 7 trustee of the bankruptcy estate (the "**Estate**") in the Bankruptcy Case.

B.      In accordance with the terms of the WTBMW 2007 Charitable Remainder Unitrust U/T/D December 21, 2007 (the "**CRUT**"), Todd Douglas Hall, solely in his capacity as trustee of the CRUT, pays a net income makeup charitable remainder unitrust annuity stream (the "**Annuity Stream**") from the CRUT.

C.      On or about July 17, 2008, Debtor obtained all right, title, and interest in the Annuity Stream and immediately thereafter transferred such right, title, and interest in the Annuity Stream to Advanced Equity Holdings, LP.  The Trustee alleges that Debtor's transfer of the rights to the Annuity Stream is an avoidable transfer and all such rights belong to the Estate.  *See* Adversary Proceeding A described below.

D.      On or about September 13, 2019, the Trustee commenced an adversary proceeding against Todd Douglas Hall, solely in his capacity as Trustee of WTBMW 2007 Charitable Remainder Unitrust U/T/D December 21, 2007, and as Protector of Adamantium Holdings Trust U/T/D July 21, 2008, and Steven DeuPree, Adversary Proceeding No. 19-90102-CL ("**Adversary Proceeding A**"). The Trustee's complaint alleged causes of action for declaratory relief, turnover of property of estate, avoidance and recovery of fraudulent transfers specifically regarding the Annuity Stream, and disallowance of claim.  The Trustee's complaint also named the following defendants:  Nevis International Trust Company, Ltd, as Trustee of Adamantium Holdings Trust U/T/D July 21, 2008, AEH Management, LLC, Advanced Equity Holdings, LP, and Eucalyptus Investments, LLC (collectively, the "**Nonsettling Defendants**").  The Nonsettling Defendants failed to respond to the complaint in Adversary Proceeding A, and defaults were entered against them.  Notwithstanding such defaults, the Trustee acknowledges and agrees that this settlement covers all Nonsettling Defendants.

Defendants Todd Douglas Hall and Steven DeuPree responded to the complaint and dispute the claims in Adversary Proceeding A.

E.      On or about September 13, 2019, the Trustee commenced an adversary proceeding against Lake Investments & Holdings, LLC and Robert DeuPree, Adversary Proceeding No. 19-90101-CL ("**Adversary Proceeding B**").  The Trustee's complaint alleged causes of action for avoidance and recovery of fraudulent transfers and/or insider preferences and disallowance of claim.  Defendants Lake Investments & Holdings, LLC and Robert DeuPree dispute the claims in Adversary Proceeding B.

F.      On or about September 13, 2019, the Trustee commenced an adversary proceeding against Robyn DeuPree, Adversary Proceeding No. 09-90103-CL ("**Adversary Proceeding C**").  The Trustee's complaint alleged causes of action for avoidance and recovery of fraudulent transfers and/or insider preferences, and disallowance of claim.  Defendant Robyn DeuPree disputes the claims in Adversary Proceeding C.

G.      The Trustee and certain other Parties contend that the Estate may have claims against Teeple Hall LLP that may be assigned to such other Parties.  Teeple Hall LLP disputes the existence and assignability of such claims.

H.      On or about September 27, 2019, creditor Teeple Hall LLP filed a Proof of Claim in the Bankruptcy Case in the total amount of $384,754.45 ("**Claim No. 6**").  The Trustee disputes Claim No. 6.

I.      On or about September 30, 2019, creditor Capstone Properties 1, Inc. ("**Capstone**") filed a Proof of Claim in the Bankruptcy case in the total amount of $9,827,049.81, as amended on October 2, 2019 ("**Claim No. 7**").  The Trustee disputes Claim No. 7.

J.      Capstone is a wholly owned asset of the CRUT, and the CRUT is controlled by its trustee Todd Douglas Hall.  The president of Capstone is Robert DeuPree.

K.      On or about September 30, 2019, creditor Sunfood, LLC filed a Proof of Claim in the Bankruptcy case in the total amount of $374,549.27 ("**Claim No. 8**").  The Trustee disputes Claim No. 8.

L.      On or about September 30, 2019, creditor North American Equity Partners, LLC filed a Proof of Claim in the Bankruptcy case in the total amount of $100,608.07 ("**Claim No. 9**").  The Trustee disputes Claim No. 9.

M.      The Parties have reached a resolution of their respective claims.  By and through this Agreement, the Parties memorialize that settlement and fully and finally resolve the disputes between them with respect to all matters in and related to the Bankruptcy Case.

NOW, THEREFORE, for good and valuable consideration as set forth herein, the Parties, incorporating the Recitals set forth above, hereby agree as follows:

Signed by Judge Christopher B. Latham February 1, 2022

## AGREEMENT

1.   BANKRUPTCY COURT APPROVAL.   Approval of this Agreement by the Bankruptcy Court is a condition precedent to the Agreement becoming effective.  Upon receipt of the fully executed Agreement, the Trustee will promptly file the pleadings necessary for such approval, and the Parties hereto agree to support approval of the Agreement.  If Bankruptcy Court approval is not obtained, this Agreement shall have no force and effect and the Parties reserve all rights as to any assertions and/or recitals contained herein.

2.   PAYMENT.  The Settling Defendants shall deliver to the Trustee one or more certified or cashier's checks or wire transfers in the aggregate sum of Three Hundred Seventy-Two Thousand and 00/100ths Dollars ($372,000.00), in good and available funds, payable to "Estate of DeuPree, Leslie T. Gladstone, Trustee" (the "**Settlement Payment**") on or before January 31, 2022.  Payment shall be made payable to Estate of DeuPree, Leslie T. Gladstone, Trustee, and wired to the Trustee's account or delivered to Leslie T. Gladstone, Trustee, 5656 La Jolla Blvd., La Jolla, CA 92037.

3.   STIPULATED JUDGMENT.  In consideration for the Trustee's agreement to accept payments within 60 days rather than in full at the time of execution of this Agreement,  Steven DeuPree, Robert DeuPree, Capstone, Lake Investments and Holdings, LLC, and Todd Douglas Hall, solely in his capacity as Trustee of WTBMW 2007 Charitable Remainder Unitrust U/T/D December 21, 2007, and as Protector of Adamantium Holdings Trust U/T/D July 21, 2008, shall execute the Stipulated Judgment in the amount of Four Hundred Thousand and 00/100ths Dollars ($400,000.00) plus interest at the rate of five percent (5%) per annum from the date hereof and costs of collection as described below, which Stipulated Judgment is attached hereto as Exhibit A and incorporated herein by reference.   In the event the Trustee does not receive the $372,000.00, as described in Paragraph 2 above and after Settling Defendants' opportunity to cure such default as described in the Stipulated Judgment, the Trustee may file and record the Stipulated Judgment and proceed to enforce it, jointly and severally, against the above listed Settling Defendants.

4.   GUARANTY AND SECURITY FOR SETTLEMENT PAYMENT AND STIPULATED JUDGMENT.  In additional consideration for the Trustee's agreement to accept payments over time pursuant to Paragraphs 2 and 3 above, Settling Defendants Todd Douglas Hall, solely in his capacity as Trustee of the CRUT, and Robert DeuPree shall cause Capstone to execute a Guaranty of the Settlement Payment up to the amount of the Stipulated Judgment, if an uncured default exists as defined in the Stipulated Judgment, secured by Deeds of Trust in favor of the Trustee encumbering Capstone's ownership interest in two real properties located at 4720 Panorama Drive, San Diego, CA 92116 (the "**Panorama Property**") and 1512 Dunn Avenue, Los Angeles, CA  90063 (the "**Dunn Property**").  The Guaranty and Deeds of Trust shall be in substantially the same form as those attached hereto as Exhibit B, Exhibit C, and Exhibit D, respectively.

(a)   The Deeds of Trust shall be recorded immediately after this Agreement and all Exhibits are executed.

(b)   Pursuant to the Guaranty, the proceeds of the sale of either or both of the Panorama Property and the Dunn Property shall be paid to the Trustee from escrow up to the amount of the Settlement Payment or, if an uncured default exists, up to the amount of the Stipulated Judgment, less any amounts previously received by the Trustee from the Settling Defendants under this

Signed by Judge Christopher B. Latham February 1, 2022

Agreement, regardless of whether any default of the Settlement Payment exists. For the sake of clarity, if either or both of the Panorama Property and/or the Dunn Property is sold before the Settlement Payment is due, the entire net proceeds from sale of such property shall be paid directly to the Trustee from escrow, pursuant to the respective Deed of Trust, up to the full amount of the Settlement Payment, or the full amount of the Stipulated Judgment, less any amounts previously delivered to the Trustee under this Agreement.

5.  WAIVER OF CLAIMS BY THE SETTLING CREDITORS. The Trustee alleges that the Settling Creditors (the creditors holding Claim Nos. 6, 7, 8, and 9) are closely associated with Debtor and the Trustee disputes their respective claims. To resolve such dispute and in furtherance of the settlement described herein, each of the Settling Creditors hereby expressly waives any claim scheduled, filed, or otherwise asserted or that may be asserted by or on behalf of the Settling Creditors against Debtor, the Estate, or the Trustee. The Settling Defendants and the Settling Creditors acknowledge that the Trustee would not have agreed to the settlement described herein without the complete waiver of Claims Nos. 6, 7, 8 and 9 by the Settling Creditors. The Settling Creditors acknowledge receipt of sufficient consideration in exchange for their respective waiver of their claims herein.

6.  WAIVER OF CLAIMS BY THE SETTLING DEFENDANTS. Each of the Settling Defendants expressly waives any claim scheduled, filed, or otherwise asserted or that may be asserted by or on behalf of the Settling Defendants against Debtor, the Estate, or the Trustee.

7.  ASSIGNMENT OF CLAIMS. In consideration of the foregoing, the Trustee shall assign any and all claims that the Estate may have against any Settling Creditor to Steven DeuPree and/or Capstone Properties 1, Inc. Such assignment shall be effective only after the Trustee receives the Settlement Payment in full. The Trustee shall promptly execute and deliver such documents, prepared by the applicable assignees, that are reasonably necessary to effectuate this assignment. Such assignees are solely responsible for the preparation, content, and efficacy of all such documents.

8.  DISMISSAL BY THE TRUSTEE. Within five (5) business days after the Trustee receives the Settlement Payment in full, the Trustee shall file an executed Notice of Dismissal of Adversary Proceeding A, Adversary Proceeding B, and Adversary Proceeding C with prejudice as against the respective Settling Defendants and Nonsettling Defendants.

9.  WAIVER OF CALIFORNIA CIVIL CODE SECTION 1542. The Parties agree to waive all of their rights under Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Parties acknowledge that they may later discover facts different from, or in addition to, those which they now know and believe, or should now know and believe, to be true with respect to the

Signed by Judge Christopher B. Latham February 1, 2022

releases herein made.  The Parties agree that their release is and will remain effective notwithstanding the existence, and/or subsequent discovery, of such additional facts.

10.   RELEASES.

(a)   Subject to the terms and conditions of this Agreement and notwithstanding the provisions of Section 1542 of the California Civil Code, the Trustee, and on behalf of the Estate, its predecessors, successors, agents, employees, assigns, independent contractors, administrators, trustees, heirs, attorneys, officers, directors, stockholders, affiliated corporations and subsidiaries, release, acquit and forever discharge each of the Settling Defendants and its predecessors, successors, agents, employees, assigns, independent contractors, administrators, trustees, attorneys, officers, directors, stockholders, affiliated corporations and subsidiaries of and from any and all claims, including without limitation claims for breach of fiduciary duties and negligence, causes of action, rights, obligations, debts, liabilities, accounts, liens, damages, losses and expenses of any kind and nature whatsoever, whether known or unknown, foreseen or unforeseen, patent or latent, suspected or unsuspected, contingent or unliquidated, which any Party previously had, currently has or may have, arising from, accrued under, relating to, or based upon any cause, matter or reason whatsoever relating to or arising out of Adversary Proceeding A, Adversary Proceeding B, Adversary Proceeding C, Claim No. 6, Claim No. 7, Claim No. 8, Claim No. 9, the Bankruptcy Case, and any and all claims which could have been asserted in such proceedings, claims, and/or the Bankruptcy Case.  Except as stated above, the foregoing releases specifically exclude any claims that may arise under this Agreement and the Stipulated Judgment regarding the enforcement or interpretation of this Agreement.

(b)   Subject to the terms and conditions of this Agreement and notwithstanding the provisions of Section 1542 of the California Civil Code, each of the Settling Defendants and Settling Creditors, its predecessors, successors, agents, employees, assigns, independent contractors, administrators, trustees, heirs, attorneys, officers, directors, stockholders, affiliated corporations and subsidiaries, release, acquit and forever discharge the Trustee, the Estate, and the Trustee's predecessors, successors, agents, employees, assigns, independent contractors, administrators, trustees, attorneys, officers, directors, stockholders, affiliated corporations and subsidiaries of and from any and all claims, causes of action, rights, obligations, debts, liabilities, accounts, liens, damages, losses and expenses of any kind and nature whatsoever, whether known or unknown, foreseen or unforeseen, patent or latent, suspected or unsuspected, contingent or unliquidated, which any Party previously had, currently has or may have, arising from, accrued under, relating to, or based upon any cause, matter or reason whatsoever relating to or arising out of Adversary Proceeding A, Adversary Proceeding B, Adversary Proceeding C, Claim No. 6, Claim No. 7, Claim No. 8, Claim No. 9, the Bankruptcy Case, and any and all claims which could have been asserted in such proceedings, claims, and/or the Bankruptcy Case.  Except as stated above, the foregoing releases specifically exclude any claims that may arise under this Agreement and the Stipulated Judgment regarding the enforcement or interpretation of this Agreement.

(c)   The above releases remain effective regardless of a default in payment of the Settlement Payment.

11.   DENIAL OF LIABILITY.  The Settling Defendants and the Settling Creditors dispute the claims asserted in the Adversary Proceedings and informal claim objections, and the Parties expressly represent, understand and assent that this Agreement is a compromise of disputed claims,

and that the exchange of consideration by virtue of this Agreement and any other acts, omissions, or settlements by the Parties are not to be construed as an admission of liability by the Settling Defendants, the Settling Creditors, or any of them.

12.     APPLICABLE LAW.  This Agreement shall be governed by and interpreted, construed and enforced pursuant to the laws of the State of California.

13.     ENFORCEMENT AND JURISDICTION.   This Agreement shall be subject to Bankruptcy Court approval and incorporated into an order of the Bankruptcy Court approving this Agreement, and all Parties shall submit to the jurisdiction of the Bankruptcy Court to enforce the continuing obligations under this Agreement, and to resolve any dispute that may arise under this Agreement.

14.     NO ORAL WAIVER OR MODIFICATION.  No waiver or modification of the terms of this Agreement shall be binding unless made in writing and signed by all Parties.

15.     REPRESENTATIONS AND WARRANTIES.

(a)     Each Party represents that it has read this Agreement and is fully aware of and understands all of its terms and legal consequences.  Each Party represents that it has consulted with, and has received advice from, independent legal counsel in connection with its review and execution of this Agreement or had the opportunity and has declined to do so.

(b)     The Parties have not relied on any representations, promises, or agreements other than those expressly set forth in this Agreement.

(c)     Each Party represents that there has not been any assignment, transfer, conveyance, or other disposition of any rights, obligations, or liabilities released under the terms of this Agreement, and that there will be no assignment, transfer, or purported assignment or transfer to any person or entity whatsoever, of any claim, debt, liability, demand, obligation, cost, expense, action, defense, or cause of action released.  Each Party represents that it has the authority to enter into this Agreement, and has obtained the consent of anyone necessary to enter into this Agreement.

(d)     Each Party represents that any individual signing this Agreement on behalf of a corporation, LLC, partnership, individual, as the successor in interest or administrator to the estate of any corporation, LLC, partnership, and individual has full authority to do so (subject, in the case of the Trustee, to approval of the Bankruptcy Court).

16.     ENTIRE AGREEMENT.  This Agreement constitutes the entire agreement made by and between the Parties pertaining to the subject matter hereof, and fully supersedes any and all prior or contemporaneous understandings, representations, warranties, and agreements made by the Parties hereto or their representatives pertaining to the subject matter hereof.  The Parties have not relied on any facts, statements, or the failure by any Party to make statements or disclose facts, in entering into this Agreement.  No extrinsic evidence whatsoever may be introduced in any judicial proceeding involving the construction or interpretation of this Agreement.

17.     ATTORNEYS' FEES AND COSTS.  Except as otherwise expressly provided herein, the Parties shall bear their own expenses and costs, including, but not limited to, attorneys' fees and

court costs.  However, in any action or proceeding between or among the Parties hereto at law or in equity with respect to, pertaining to, or arising from this Stipulation, whether for enforcement, or for damages by reason of any alleged breach, or for a declaration of rights or obligations, or otherwise, and including any appeal, contempt proceeding, bankruptcy proceeding, and any action or proceeding to enforce and/or collect any judgment or other relief granted, whether or not such action or proceeding is compromised or is prosecuted to final judicial determination (collectively "**litigation**"), the unsuccessful party to the litigation shall pay to the prevailing party, in addition to any other relief that may be granted, all costs and expenses of the litigation, including without limitation, the prevailing party's actual attorneys' fees and expenses.  "Attorneys' fees and expenses" includes, without limitation, paralegals' fees and expenses, attorneys' consultants' fees and expenses, expert witness' fees and expenses, and all other expenses incurred by the prevailing party's attorneys in the course of their representation of the prevailing party in anticipation of and/or during the course of the litigation, whether or not otherwise recoverable as "attorneys' fees" or as "costs" under California law; and the same may be sought and awarded in accordance with California procedure as pertaining to an award of contractual attorneys' fees.

18.    <u>BINDING ON SUCCESSORS</u>.  This Agreement shall inure to the benefit of, and shall be binding upon, each Party hereto and its successors.

19.    <u>SEVERABILITY</u>.  In the event any part of this Agreement is deemed unenforceable, the unenforceable provisions will be severed and the remaining provisions shall survive.

20.    <u>COUNTERPARTS</u>.  This Agreement may be executed and delivered in separate counterparts, each of which, when so executed and delivered, shall be an original, but such counterparts together shall constitute but one and the same instrument and agreement.  Facsimile signatures shall be effective and shall have the same force and effect as original signatures.

*[Remainder of page intentionally left blank]*

Signed by Judge Christopher B. Latham February 1, 2022

IN WITNESS OF THE FOREGOING, the Parties have entered into this Agreement as of the latest date below:

DATED: December ___, 2021

_____
Leslie T. Gladstone, Trustee
Estate of Steve DeuPree
Case No. 17-05607-CL7

DATED: ~~December~~ ___, ~~2021~~  January 6th 2022

_____
Robert DeuPree

DATED: ~~December~~ ___, ~~2021~~  01/06/2022

LAKE INVESTMENTS & HOLDINGS, LLC

By: _____
Name: Robert DeuPree
Its: _____

DATED: ~~December~~ ___, ~~2021~~  0/06/2022

_____
Steven DeuPree

DATED: December ___, 2021

_____
Robyn DeuPree

DATED: December ___, 2021

_____
Todd Douglas Hall, as Trustee of WTBMW 2007
Charitable Remainder Unitrust U/T/D December 21,
2007, and as Protector of Adamantium Holdings Trust
U/T/D July 21, 2008

DATED: December ___, 2021

TEEPLE HALL, LLP

By: _____
Name: _____
Its: _____

Signed by Judge Christopher B. Latham February 1, 2022

IN WITNESS OF THE FOREGOING, the Parties have entered into this Agreement as of the latest date below:

DATED:  December ___, 2021

_____
Leslie T. Gladstone, Trustee
Estate of Steve DeuPree
Case No. 17-05607-CL7

DATED:  December ___, 2021

_____
Robert DeuPree

DATED:  December ___, 2021

LAKE INVESTMENTS & HOLDINGS, LLC

By: _____
Name:  Robert DeuPree
Its: _____

DATED:  December ___, 2021

_____
Steven DeuPree

DATED:  December ___, 2021

_____
Robyn DeuPree

DATED:  December 17, 2021

_____
Todd Douglas Hall, as Trustee of WTBMW 2007
Charitable Remainder Unitrust U/T/D December 21,
2007, and as Protector of Adamantium Holdings Trust
U/T/D July 21, 2008

DATED:  December 17, 2021

TEEPLE HALL, LLP

By: _____
Name: Grant G. Teeple
Its: Partner

Signed by Judge Christopher B. Latham February 1, 2022

DATED: ~~December ___, 2021~~     *01/06/2022*

CAPSTONE PROPERTIES 1, INC.

By: _____
Name:  Robert DeuPree
Its:  President

DATED: ~~December ___, 2021~~     *01/06/2022*

SUNFOOD CORP.

By: _____
Name:  Robert DeuPree
Its:  *President*

DATED: ~~December ___, 2021~~     *01/06/2022*

NORTH AMERICAN EQUITY PARTNERS, LLC

By: _____
Name:  Robert DeuPree
Its:  *Manager*

Signed by Judge Christopher B. Latham February 1, 2022

# EXHIBIT A

## STIPULATED JUDGMENT

Leslie T. Gladstone, Esq.  (SBN 144615)
Christin A. Batt, Esq.  (SBN 222584)
FINANCIAL LAW GROUP
5656 La Jolla Blvd.
La Jolla, CA 92037
Telephone:  (858) 454-9887
Facsimile:  (858) 454-9596
E-mail:  ChristinB@flgsd.com

Attorneys for Leslie T. Gladstone, Chapter 7 Trustee

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.:  17-05607-CL7 |
| STEVEN DEUPREE, | **STIPULATED JUDGMENT** |
| Debtor. | Dept:          Five (5)<br>Honorable Christopher B. Latham |

This Stipulated Judgment is made by and between LESLIE T. GLADSTONE, chapter 7 trustee (the "**Trustee**"), solely in her capacity as chapter 7 trustee of the bankruptcy estate of Steven DeuPree, on the one hand, and ROBERT DEUPREE, LAKE INVESTMENTS & HOLDINGS, LLC, STEVEN DEUPREE, and TODD DOUGLAS HALL, solely as Trustee of WTBMW 2007 Charitable Remainder Unitrust U/T/D December 21, 2007, and as Protector of Adamantium Holdings Trust U/T/D July 21, 2008 (collectively, the "**Settling Judgment Defendants**"), on the other hand, as follows:

1.      This document constitutes a Stipulated Judgment against the foregoing Settling Judgment Defendants, jointly and severally, and in favor of the Trustee in the amount of Four Hundred Thousand and 00/100ths Dollars ($400,000.00) plus interest at the rate of five percent (5%) per annum from the date hereof and costs of collection, less any amounts paid pursuant to the Settlement Agreement and Release (the "**Agreement**"), whose terms are incorporated herein by this reference.

/ / /

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

2.      The Trustee is permitted to apply for entry of this Stipulated Judgment as set forth in the Agreement.  Specifically, the Trustee shall not record this Stipulated Judgment unless the Settling Defendants default under the terms of the Agreement, as set forth more fully therein.  Should the Settling Defendants fail to timely tender the sum due the Trustee as set forth in the Agreement, the Trustee shall provide 72 hours' notice after delivery, as described in paragraph 3 below, to the Settling Judgment Defendants at the addresses set forth below, and provide the Settling Judgment Defendants the opportunity to cure such default.  If cure is not made within such 72-hour period, the Trustee shall thereafter be entitled to file and record this Stipulated Judgment.

3.      All notices under this Stipulated Judgment shall be in writing and shall be deemed effective on the date of delivery if delivered personally (and a receipt obtained therefor), or on the third calendar day after mailing if mailed by first class mail, postage prepaid, and shall be addressed as follows or as may be amended by a written communication delivered pursuant to this paragraph:

| | |
|---|---|
| To the Setting Judgment Defendants: | Mr. Robert DeuPree<br>8989 Rio San Diego Dr. #327<br>San Diego, CA 92108 |
| | LAKE INVESTMENTS & HOLDINGS, LLC<br>340 West 32nd Street, No. 365<br>Yuma, AZ  85364<br>Attn:  Mr. Robert DeuPree |
| | Mr. Steven DeuPree<br>15390 Las Planideras<br>Rancho Santa Fe, CA  92067 |
| | Todd Douglas Hall, Trustee<br>TEEPLE HALL LLP<br>9255 Towne Centre Drive, Suite 500<br>San Diego, CA  92121 |
| with a copy to the Settling Judgment Defendants' counsel: | Paul J. Leeds, Esq.<br>HIGGS FLETCHER, MACK LLP<br>401 West A Street, Suite 2600<br>San Diego, CA 92101-7910 |

Signed by Judge Christopher B. Latham February 1, 2022

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

1   Michael T. O'Halloran, Esq.
2   LAW OFFICE OF MICHAEL T.
    O'HALLORAN
3   401 West A Street, Ste. 1150
    San Diego, CA 92101
4
5   Kathryn M.S. Catherwood
    GORDON, REES, SCULLY,
6   MANSUKHANI LLP
    101 W. Broadway, Suite 2000
7   San Diego, CA 92101

8   To the Trustee:           Leslie T. Gladstone, Trustee
                              5656 La Jolla Blvd.
9                             La Jolla, CA  92037

10  with a copy to the Trustee's    Christin A. Batt, Esq.
    counsel:                        FINANCIAL LAW GROUP
11                                  5656 La Jolla Blvd.
                                    La Jolla, CA  92037
12

13      4.      By entering into this Stipulated Judgment, no party to this matter makes any

14  admission as to any issue in this bankruptcy case.

15      IN WITNESS WHEREOF, the parties hereto have executed this Stipulated Judgment on

16  the day and year indicated below.

17  Dated: December ___, 2021

18  Dated: ~~December~~ 01/06/2022    Leslie T. Gladstone, Trustee

19  ~~, 2021~~

    Robert DeuPree
20  Dated: ~~December~~ 01/06/2022
    ~~, 2021~~
21                                    LAKE INVESTMENTS & HOLDINGS, LLC

22                                    By: _____
23                                    Name: Robert DeuPree
                                      Its:  Manager
24  Dated: ~~December~~ 01/06/2022
    ~~, 2021~~
25

                                      Steven DeuPree
26

27  ///

28

IN RE DEUPREE                          3                    STIPULATED JUDGMENT
CASE NO. 17-05607-CL7                                                      (v.5)
10697644.1

Dated:  December ___, 2021

_____
Steven DeuPree

Dated:  December 17, 2021

_____
Todd Douglas Hall, as Trustee of WTBMW 2007
Charitable Remainder Unitrust U/T/D December
21, 2007, and as Protector of Adamantium
Holdings Trust U/T/D July 21, 2008

REVIEWED AND APPROVED AS TO FORM ONLY:

Dated:  ~~December ____, 2021~~ January 7, 2022

FINANCIAL LAW GROUP

By: _____
Christin A. Batt, Esq.
Attorneys for Leslie T. Gladstone, Trustee

Dated:  December ___, 2021

HIGGS FLETCHER & MACK LLP

By: _____
Paul J. Leeds, Esq.
Attorneys for Steven DeuPree

Dated:  December ___, 2021

LAW OFFICE OF MICHAEL T. O'HALLORAN

By: _____
Michael T. O'Halloran, Esq.
Attorneys for Lake Investments & Holdings,
LLC and Robert DeuPree

Dated:  December 30, 2021

GORDON, REES, SCULLY, MANSUKHANI,
LLP

By: _____
Kathryn M.S. Catherwood, Esq.
Attorneys for Todd Douglas Hall

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

IN RE DEUPREE
CASE NO. 17-05607-CL7
10697644 1

4

STIPULATED JUDGMENT
(v.4)

# EXHIBIT B

# GUARANTY

Signed by Judge Christopher B. Latham February 1, 2022

## SECURED GUARANTY

This Guaranty ("**Guaranty**") is made as of ~~December~~, ~~2021~~, 01/07/2022 by CAPSTONE PROPERTIES 1, INC. ("**Guarantor**") in favor of LESLIE T. GLADSTONE, TRUSTEE, solely in her capacity as chapter 7 trustee of the bankruptcy estate of Steven DeuPree (the "**Trustee**"), with reference to the following facts, which are a material part of this Guaranty:

A.    On or about September 15, 2017, Steven DeuPree ("**Debtor**") filed a voluntary petition under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in United States Bankruptcy Court for the Southern District of California (the "**Bankruptcy Court**") entitled *In re Steven DeuPree*, Case No. 17-05607-CL7 (the "**Bankruptcy Case**"). On or about the same date, the Trustee was appointed chapter 7 trustee of the bankruptcy estate (the "**Estate**") in the Bankruptcy Case.

B.    The Trustee agrees to enter into a Settlement Agreement and Release (the "**Settlement Agreement**") with ROBERT DEUPREE, LAKE INVESTMENTS & HOLDINGS, LLC, STEVEN DEUPREE, ROBYN DEUPREE, and TODD DOUGLAS HALL, as Trustee of WTBMW 2007 Charitable Remainder Unitrust U/T/D December 21, 2007, and as Protector of Adamantium Holdings Trust U/T/D July 21, 2008 (collectively, the "**Settling Defendants**"), and CAPSTONE PROPERTIES 1, INC., SUNFOOD LLC, NORTH AMERICAN EQUITY PARTNERS, LLC and TEEPLE HALL, LLP (collectively, the "**Settling Creditors**").

C.    The Settlement Agreement resolves many disputes between and among the parties, including Adversary Proceeding No. 19-90102-CL, Adversary Proceeding No. 19-90101-CL, Adversary Proceeding No. 09-90103-CL, and the Trustee's objections to claims filed by the Settling Creditors.

D.    The Settlement Agreement provides, among other things, that the Settling Defendants shall deliver to the Trustee one or more certified or cashier's checks or wire transfers in the aggregate sum of Three Hundred Seventy-Two Thousand and 00/100ths Dollars ($372,000.00), in good and available funds, payable to "Estate of DeuPree, Leslie T. Gladstone, Trustee" (the "**Settlement Payment**") on or before January 31, 2022.

E.    The Settlement Agreement requires this Guaranty from Guarantor as a condition to settlement of the various disputes between the parties.

F.    Guarantor is a wholly-owned asset of WTBMW 2007 Charitable Remainder Unitrust U/T/D December 21, 2007 ("**CRUT**"), which is controlled by Todd Douglas Hall, as Trustee of the CRUT ("**Hall**"). Guarantor will benefit from the Settlement Agreement.

G.    In consideration of the Trustee agreeing to the Settlement Agreement, Guarantor has agreed, at Hall's request, to unconditionally guarantee payment of any and all indebtedness of the Settling Defendants to the Trustee, as provided in this Guaranty.

THEREFORE, in consideration of the foregoing and for other valuable consideration, the receipt and sufficiency of which Guarantor acknowledges, Guarantor agrees as follows:

1

1.  <u>Guaranty of Payment</u>.  Guarantor unconditionally guarantees and promises to pay to the Trustee, on order, on demand, in lawful money of the United States, any and all indebtedness of the Settling Defendants to the Trustee.  "**Indebtedness**" is used in this Guaranty to mean the Settling Defendants' indebtedness to the Trustee as shown by the Settlement Agreement of even date herewith.

2.  <u>Security</u>.  Guarantor's obligations under this Guaranty are secured by (a) a Deed of Trust in favor of the Trustee encumbering the real property located at 4720 Panorama Drive, San Diego, CA 92116 (the "**Panorama Property**") of even date herewith and (b) a Deed of Trust in favor of the Trustee encumbering the real property located at 1512 Dunn Avenue, Los Angeles, CA  90063 (the "**Dunn Property**") of even date herewith.  The Deeds of Trust on the Panorama Property and the Dunn Property are incorporated herein by reference.

> IF GUARANTOR SELLS, CONVEYS OR ALIENATES THE PANORAMA PROPERTY AND/OR THE DUNN PROPERTY, OR ANY PART THEREOF, OR ANY INTEREST THEREIN, ANY INDEBTEDNESS OR OBLIGATION SECURED HEREBY, IRRESPECTIVE OF THE MATURITY DATES EXPRESSED THEREIN, AT THE OPTION OF THE HOLDER HEREOF, AND WITHOUT DEMAND OR NOTICE, SHALL IMMEDIATELY BECOME DUE AND PAYABLE.

3.  <u>Waivers</u>.  Notice of acceptance of this Guaranty as well as all demands, presentments, notices of protest, and notices of every kind or nature, including those of any action or nonaction by the Settling Defendants, the Trustee, or anyone else, are fully waived by Guarantor.  On any default of the Settling Defendants, the Trustee may, at its option, proceed directly and at once, without notice, against Guarantor to collect and recover the full amount of the liability, or any part of it, without proceeding against the Settling Defendants or anyone else, or foreclosing on, selling, or otherwise disposing of or collecting or applying any property, real or personal, that it may then have as security for that Indebtedness.  Guarantor waives the right to require the Trustee to proceed against the Settling Defendants or to pursue any other remedy, waive the right to have the property of the Settling Defendants first applied to the discharge of the Indebtedness, and waive the pleading of any statute of limitations as a defense to the obligation under this Guaranty.  Guarantor assumes responsibility for being and keeping itself informed of the financial condition of the Settling Defendants and of all other circumstances bearing on the risk of nonpayment of the Indebtedness that diligent inquiry would reveal.  Guarantor acknowledges that without a request for information from Guarantor, the Trustee has no duty to advise Guarantor of information known to it regarding the Settling Defendants' condition or circumstance.

4.  <u>Reimbursement for Costs of Enforcement</u>.  Guarantor further agrees, without demand, to immediately reimburse the Trustee for all costs and expenses, including attorney fees, incurred in enforcing this Guaranty or collecting the Indebtedness, or in connection with or resulting from the engagement of counsel by the Trustee during a restructuring or "workout" of the Indebtedness.

5.  <u>Acknowledgement</u>.  Guarantor acknowledges that it has discussed with legal counsel the effect of the above waivers on rights and remedies it might otherwise have.

2

6.    <u>Entire Agreement</u>.  This Guaranty contains the entire guaranty agreement between Guarantor and the Trustee, supersedes any other guaranty agreement between Guarantor and the Trustee, and its provisions may be modified, altered, or amended only by written agreement signed by Guarantor and the Trustee.  This Guaranty is governed by the laws of the State of California.

GUARANTOR:

CAPSTONE PROPERTIES 1, INC.

By: _____

Robert DeuPree
Its:  President

3

# EXHIBIT C

# DEED OF TRUST
# (PANORAMA DRIVE PROPERTY)

Signed by Judge Christopher B. Latham February 1, 2022

**RECORDING REQUESTED BY:**

LESLIE T. GLADSTONE, TRUSTEE

**WHEN RECORDED MAIL TO:**

LESLIE T. GLADSTONE, TRUSTEE
5656 La Jolla Blvd.
La Jolla, CA 92037

SPACE ABOVE THIS LINE FOR RECORDER'S USE

**APNs: 438-150-10-00**

# DEED OF TRUST
## AND ASSIGNMENT OF RENTS

01/07/2022

**This DEED OF TRUST**, made December ____, 2021, between CAPSTONE PROPERTIES 1, INC., LLC, whose address is 8989 Rio San Diego Dr., Suite #327, San Diego, CA 92108, herein called TRUSTOR, and Ticor Title Company, herein called TRUSTEE, and Leslie T. Gladstone, Trustee, solely in her capacity as chapter 7 trustee of the bankruptcy estate of Steven DeuPree, Case No. 17-06707-CL7 in the U.S. Bankruptcy Court for the Southern District of California, whose address is 5656 La Jolla Blvd., La Jolla, CA 92037, herein called BENEFICIARY.

**WITNESSETH:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE that property in San Diego County, San Diego, California, commonly known as 4720 Panorama Drive, San Diego, CA 92116 and described as:

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

THAT PORTION OF VILLA LOT 371 OF VALLE VISTA TERRACE, IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 1081, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, AUGUST 28, 1907, DESCRIBED AS FOLLOWS: BEGINNING AT THE SOUTHEAST CORNER OF SAID VILLA LOT 371, THENCE IN A NORTHERLY DIRECTION ALONG THE WESTERLY LINE OF PANAROMA STREET, A DISTANCE OF 75.00 FEET, THENCE NORTH 55° 57' 00" WEST TO A POINT ON THE NORTHERLY LINE OF SAID VILLA LOT 371, THENCE WESTERLY ALONG THE NORTHERLY LINE OF SAID VILLA LOT TO THE NORTHWEST CORNER OF SAID VILLA LOT, THENCE SOUTH 00° 43' 00" EAST, 38.84 FEET TO THE SOUTHWEST CORNER OF SAID VILLA LOT, THENCE SOUTH 56° 57' 00" EAST ALONG THE SOUTHERLY LINE OF SAID VILLA LOT 371, 472.30 FEET TO THE POINT OF BEGINNING.

Assessor's Parcel Number: **438-150-10-00**

**TOGETHER WITH** the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority hereinafter given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

**For the Purpose of Securing:** (1) Performance of each agreement of Trustor incorporated by reference or contained herein. (2) Payment of the indebtedness evidenced by one Guaranty of even date herewith, and any extension or renewal thereof, in the **PRINCIPAL SUM OF $372,000.00** executed by Trustor in favor of Beneficiary or order. (3) Payment of such further sums as the then record owner of said property hereafter may owe Beneficiary, when evidenced by another note(s) or guaranty reciting it so secured.

**Acceleration.** Any one of the following occurrences shall constitute an "Event of Default" under the Guaranty: (a) The Settling Defendants, as defined in the Guaranty, and/or Trustor fails to pay any amount due under the Settlement Agreement and Release of even date herewith (the "**Settlement Agreement**") and/or the Guaranty within 30 days after such payment is due; (b) Trustor or its successor(s) sells, conveys, alienates or transfers, in any manner, voluntarily or involuntarily, in whole or in part, the property described in this Deed of Trust, without the written consent of Beneficiary; (c) Trustor or his successor(s) obtains any funds related to the property described in this Deed of Trust. If an Event of Default occurs, the whole amount of the then unpaid principal sum, interest thereon, and late charges and default interest, if any, shall become immediately due and payable, at the option of Beneficiary.

The following is a copy of provisions (1) to (14), inclusive, of the fictitious Deed of Trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as set forth at length

1

Signed by Judge Christopher B. Latham February 1, 2022

therein.

**To protect the Security of this Deed of Trust, Trustor Agrees:**

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do, without notice to or demand upon Trustor, and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such monies received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto". Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving onto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

Dated: December _____, 2021     01/07/2022

CAPSTONE PROPERTIES 1, INC.

By: _____

Robert DeuPree
Its: President

SPACE ABOVE RESERVED FOR NOTARY SEAL

3

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                    CIVIL CODE § 1189

| |
|---|
| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |

State of California
County of _San Diego_ }

On _Jan 7, 2022_ before me, _ERIN NASH Notary Public_
      *Date*                               *Here Insert Name and Title of the Officer*

personally appeared _Robert Den Pree_
                                      *Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

ERIN NASH
Notary Public - California
San Diego County
Commission # 2237679
My Comm. Expires May 9, 2022

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Erin Nash_
                      *Signature of Notary Public*

*Place Notary Seal and/or Stamp Above*

───────────────── **OPTIONAL** ─────────────────

*Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _Deed of Trust and Assignment of Rents_
Document Date: _____ Number of Pages: _____
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

| |
|---|
| Signer's Name: _____ |
| ☐ Corporate Officer – Title(s): _____ |
| ☐ Partner – ☐ Limited ☐ General |
| ☐ Individual     ☐ Attorney in Fact |
| ☐ Trustee       ☐ Guardian of Conservator |
| ☐ Other: _____ |
| Signer is Representing: _____ |

| |
|---|
| Signer's Name: _____ |
| ☐ Corporate Officer – Title(s): _____ |
| ☐ Partner – ☐ Limited ☐ General |
| ☐ Individual     ☐ Attorney in Fact |
| ☐ Trustee       ☐ Guardian of Conservator |
| ☐ Other: _____ |
| Signer is Representing: _____ |

©2017 National Notary Association

**DO NOT RECORD**

**REQUEST FOR FULL RECONVEYANCE**
**To be used only when note has been paid.**

A reconveyance will be issued upon presentation to Ticor Title Company of this request properly signed and accompanied by the  reconveyance fee, the Deed of Trust, the original Note or Notes secured by said Deed of Trust, and any receipt or document evidencing any other indebtedness secured thereby.

TO:  TICOR TITLE COMPANY, TRUSTEE:

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you under the same.

Dated: _____

_____

Leslie T. Gladstone, Trustee
Estate of Steven DeuPree
Case No. 17-05607-CL7
U.S. Bankruptcy Court for the
Southern District of California

MAIL TAX RECONVEYANCE TO:

_____

_____

_____

Do not lose or destroy this Deed of Trust OR THE GUARANTY which it secures.  Both must be delivered to the Trustee at Ticor Title Company, 2275 Rio Bonito Way, Suite 160, San Diego, CA  92108 for cancellation before reconveyance will be made.

# EXHIBIT D


# DEED OF TRUST
# (DUNN AVENUE PROPERTY)

RECORDING REQUESTED BY:

LESLIE T. GLADSTONE, TRUSTEE

**WHEN RECORDED MAIL TO:**

LESLIE T. GLADSTONE, TRUSTEE
5656 La Jolla Blvd.
La Jolla, CA  92037

SPACE ABOVE THIS LINE FOR RECORDER'S USE

APNs: 5224-021-010

# DEED OF TRUST
# AND ASSIGNMENT OF RENTS

**This DEED OF TRUST**, made December _____, 2021, *01/07/2022* between CAPSTONE PROPERTIES 1, INC., LLC, whose address is 8989 Rio San Diego Dr., Suite #327, San Diego, CA  92108, herein called TRUSTOR, and Ticor Title Company,  herein called TRUSTEE, and Leslie T. Gladstone, Trustee, solely in her capacity as chapter 7 trustee of the bankruptcy estate of Steven DeuPree, Case No. 17-06707-CL7 in the U.S. Bankruptcy Court for the Southern District of California, whose address is 5656 La Jolla Blvd., La Jolla, CA 92037, herein called BENEFICIARY,

**WITNESSETH:**  That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE that property in Los Angeles County, San Diego, California, commonly known as 1512 Dunn Avenue, Los Angeles, CA 90063 and described as:

Parcel 1:

Lot 10, Block 8, Tract No. 6332, in the County of Los Angeles, State of California, as per Map recorded in Book 67, Pages 89 through 97, inclusive of Maps, in the Office of the County Recorder of said County.

Parcel 2:

The Southerly 3 feet of the Westerly 94 feet of Lot 11, Block 8, Tract 6332, in the County of Los Angeles, State of California, as recorded in Book 67, Pages 89 through 97, Inclusive of Maps, in the Office of the County Recorder of said County.

Assessor's Parcel Number: **5224-021-010**

**TOGETHER WITH** the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority hereinafter given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

**For the Purpose of Securing:** (1) Performance of each agreement of Trustor incorporated by reference or contained herein. (2) Payment of the indebtedness evidenced by one Guaranty of even date herewith, and any extension or renewal thereof, in the **PRINCIPAL SUM OF $372,000.00** executed by Trustor in favor of Beneficiary or order. (3) Payment of such further sums as the then record owner of said property hereafter may owe Beneficiary, when evidenced by another note(s) or guaranty reciting it so secured.

**Acceleration.**  Any one of the following occurrences shall constitute an "Event of Default" under the Guaranty:  (a) The Settling Defendants, as defined in the Guaranty, and/or Trustor fails to pay any amount due under the Settlement Agreement and Release of even date herewith (the "**Settlement Agreement**") and/or the Guaranty within 30 days after such payment is due; (b) Trustor or its successor(s) sells, conveys, alienates or transfers, in any manner, voluntarily or involuntarily, in whole or in part, the property described in this Deed of Trust, without the written consent of Beneficiary; (c) Trustor or his successor(s) obtains any funds related to the property described in this Deed of Trust.  If an Event of Default occurs, the whole amount of the then unpaid principal sum,  interest thereon, and late charges and default interest, if any,  shall become immediately due and payable, at the option of Beneficiary.

The following is a copy of provisions (1) to (14), inclusive, of the fictitious Deed of Trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as set forth at length therein.

**To protect the Security of this Deed of Trust, Trustor Agrees:**
(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore

1

promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do, without notice to or demand upon Trustor, and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such monies received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto". Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving onto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures

2

Signed by Judge Christopher B. Latham February 1, 2022

secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

Dated: ~~December ___, 2021~~  01/07/2022

CAPSTONE PROPERTIES 1, INC.

By: _____

Robert DeuPree
Its:  President

SPACE ABOVE RESERVED FOR NOTARY SEAL

Signed by Judge Christopher B. Latham February 1, 2022

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                                    CIVIL CODE § 1189

┌─────────────────────────────────────────────────────────────────────────┐
│ A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document │
│ to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. │
└─────────────────────────────────────────────────────────────────────────┘

State of California                                        }
County of _San Diego_____

On __Jan. 7, 2022__ before me, __ERIN NASH, Notary Public__
      *Date*                     *Here Insert Name and Title of the Officer*

personally appeared __Robert DewPree_____
                            *Name(s) of Signer(s)*

_____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed
to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity
upon behalf of which the person(s) acted, executed the instrument.

┌────────────────────────────┐
│         ERIN NASH          │       I certify under PENALTY OF PERJURY under the
│  Notary Public - California │       laws of the State of California that the foregoing
│      San Diego County      │       paragraph is true and correct.
│    Commission # 2237679    │
│  My Comm. Expires May 9, 2022 │      WITNESS my hand and official seal.
└────────────────────────────┘

                              Signature _Erin Nash_____
*Place Notary Seal and/or Stamp Above*             *Signature of Notary Public*

──────────────────────────── **OPTIONAL** ────────────────────────────

*Completing this information can deter alteration of the document or*
*fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _Deed of Trust and Assignment of Rents_

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**
Signer's Name: _____         Signer's Name: _____
☐ Corporate Officer – Title(s): _____     ☐ Corporate Officer – Title(s): _____
☐ Partner – ☐ Limited ☐ General                 ☐ Partner – ☐ Limited ☐ General
☐ Individual     ☐ Attorney in Fact          ☐ Individual     ☐ Attorney in Fact
☐ Trustee      ☐ Guardian of Conservator   ☐ Trustee      ☐ Guardian of Conservator
☐ Other: _____               ☐ Other: _____
Signer is Representing: _____         Signer is Representing: _____

©2017 National Notary Association

**DO NOT RECORD**

**REQUEST FOR FULL RECONVEYANCE**
**To be used only when note has been paid.**

A reconveyance will be issued upon presentation to Ticor Title Company of this request properly signed and accompanied by the reconveyance fee, the Deed of Trust, the original Note or Notes secured by said Deed of Trust, and any receipt or document evidencing any other indebtedness secured thereby.

TO:  TICOR TITLE COMPANY, TRUSTEE:

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you under the same.

Dated: _____

_____
Leslie T. Gladstone, Trustee
Estate of Steven DeuPree
Case No. 17-05607-CL7
U.S. Bankruptcy Court for the
Southern District of California

MAIL TAX RECONVEYANCE TO:

_____

_____

_____

Do not lose or destroy this Deed of Trust OR THE GUARANTY which it secures.  Both must be delivered to the Trustee at Ticor Title Company, 2275 Rio Bonito Way, Suite 160, San Diego, CA  92108 for cancellation before reconveyance will be made.